Coffin<br>*v.*<br>Coffin.

## SAMUEL H. PRATT *et al. versus* THOMAS STEPHENSON.

In an action of replevin of goods attached by the defendant as an officer, on a writ against a stranger, such stranger is an incompetent witness, by reason of interest, to prove that the property was in himself.

REPLEVIN for various articles of property specified in the plaintiff's writ. The defendant pleaded, 1. That the property was, at the time of the supposed taking by the defendant, in one Leonard, and that the defendant attached the same as a deputy sheriff, at the suit of divers creditors of Leonard; and 2. That the property was in Leonard and the plaintiffs as partners or joint owners, and that the defendant attached the interest of Leonard, at the suit of divers of his creditors. The plaintiffs replied, that the property was in themselves, and tendered issues to the country, which were joined by the defendant.

In the course of the trial the defendant offered Leonard as a witness, to disprove the issues tendered by the plaintiffs. This testimony was objected to, on the ground that Leonard was interested and not competent to testify in the cause; but the objection was overruled.

The jury found that the property in a part of the goods was in the plaintiffs at the time of the taking by the defendant, and that the property in the residue was not in the plaintiffs. If the testimony of Leonard ought not to have been admitted, a new trial was to be granted.

*B. Sumner*, for the plaintiffs, cited 2 Stark. Ev. 746; *Page* v. *Weeks*, 13 Mass. R. 199; *Buckland* v. *Tankard*,

Pratt
*v.*
Stephenson.

5 T. R. 578 ; *Randall v. Phillips*, 3 Mason, 389 ; *Bland v. Ansley*, 5 Bos. & Pul 331 ; *Marquand v. Webb*, 16 Johns. R. 93, 94 ; *Schillinger v. McCann*, 6 Greenl. 364 ; *Fuller v. Wheelock*, 10 Pick. 135 ; *Boyden v. Moore*, 11 Pick. 362.

*H. H. Fuller*, for the defendant, contended, that to render the witness incompetent there must be some legal, certain, and immediate interest in the event of the suit or in the record ; that the consequence of a judgment for the defendant in this suit would be not to pay Leonard's debt, but to remit the property to the officer to await the decisions in the suits against Leonard, and *non constat* that there will be a judgment against Leonard, or if there should be, that he will not pay it without resorting to the property in controversy ; and that the title to this property must be determined in another action, in which this verdict cannot be given in evidence in favor of Leonard, and consequently his testimony was admissible. 2 Stark. Ev. 744 ; *McLeod v. Johnston*, 4 Johns. R. 126 ; *Hudson v. Robinson*, 4 Maule & Selw. 475 ; *Ridley v Taylor*, 13 East, 175 ; *York v. Blott*, 5 Maule & Selw. 71 *Nix v. Cutting*, 4 Taunt. 17 ; *Ward v. Wilkinson*, 4 Barn & Ald. 410 ; *Birt v. Kershaw*, 2 East, 458 ; *Ilderton v. Atkinson*, 7 T. R. 480 ; *Banks v. Kain*, 2 Carr. & Payne. 597 ; *Grant v. Shurter*, 1 Wendell, 148.

*March 23d*

*Per Curiam.* We are clearly of opinion, that Leonard was an incompetent witness to prove that he was the owner in whole or in part, of the chattels replevied. It is a fair presumption, that in some of the suits against him the plaintiffs will prevail, and though he may be able to pay their demands out of other funds, we think it is for his interest to have these chattels applied by the officer, according to law, in satisfaction of any judgment which may be recovered in those suits ; and we see nothing in the case to countervail that interest.

*New trial granted.*